STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                                    Docket No. CV-06-113

RITA LEWIS,

        Plaintiff,

        v.                                          ORDER

HANNAFORD BROS. CO.,

        Defendant.


Before the court is a motion by defendant Hannaford Brothers Co. for summary

judgment and a motion by plaintiff Rita Lewis to amend her complaint.


1.      Motion to Amend

        Lewis's motion to amend was filed on March 7, 2007 – seven months after the

deadline for the amendment of proceedings set forth in the scheduling order, two

months after the case first appeared on a trial list, and two weeks after defendant filed

its motion for summary judgment.  The only possible justification for such a late

amendment would be the discovery of new evidence that was not and could not have

been obtained earlier despite due diligence.  Lewis has not made the requisite showing

in this case.

        In addition, as far as the court can discern from the summary judgment record,

several of the new allegations that plaintiff seeks to add are not relevant in any case.

Thus, while Lewis's proposed amendment contends that Hannaford was negligent in

not properly maintaining and inspecting its carts, nothing in the summary judgment

record supports a claim that there was either inadequate maintenance or inadequate

inspection.

The motion to amend is denied.

2.    <u>Motion for Summary Judgment</u>

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., <u>Johnson v. McNeil</u>, 2002 ME 99, ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. <u>Id.</u> Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. <u>Rodrigue v. Rodrigue</u>, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

In this case the relevant facts are not disputed. Lewis does not take issue with any of the facts in Hannaford's Statement of Material Facts and Hannaford takes issue with only one of the additional material facts set forth by Lewis.[1] In a nutshell, the parties argue that Lewis is suing Hannaford for injuries incurred on May 12, 2004 when her shopping cart was struck by a motorized shopping cart driven by another customer while Lewis was paying for her groceries. As a result of the collision, Lewis was knocked to the ground. The other customer, Mildred Johnson, was familiar with Hannaford's motorized carts and had never had problems prior to May 12, 2004. The

---

[1] See Hannaford's Reply Statement of Material Facts ¶ 2. For purposes of this motion, whether Hannaford admits ¶ 2 of Lewis's additional facts or not is not dispositive – if that paragraph is adequately supported and generates a disputed issue of material fact for trial, the motion for summary judgment should be denied.

cart in question is still in use at the Topsham Hannaford. Hannaford SMF ¶¶ 1-4, 6 (admitted).

At the time of her deposition, Johnson was 87 years old and is legally blind in one eye. Lewis's Statement of Additional Facts ¶ 4 (admitted). She testified that the carts are easy to use but on this occasion the cart leapt forward, did not go where she wanted, and went berserk. Hannaford SMF ¶ 5 (admitted); Lewis's Statement of Additional Facts ¶ 3 (admitted). Hannaford has no policy requiring a person desiring to use a motorized cart to check in with store employees before obtaining one. Lewis's Statement of Additional Facts ¶ 5 (admitted).


3.    Count I

Count I of Lewis's complaint alleges that Hannaford provided a motorized cart to Johnson without any investigation as to whether or not Johnson was capable of operating that cart in a safe and prudent manner. Count I, ¶ 1. To the extent that Lewis is arguing that Hannaford was negligent in providing the motorized cart to Johnson, the claim has to be analyzed under the rules applicable to negligent entrustment. See Restatement, Second, Torts §§ 308, 390; Yunker v. Iverson, Docket No. CV-95-413 (Superior Court Cumberland County July 1, 1997), 1997 Me. Super. LEXIS 197 (Saufley, J.).

Specifically, under Restatement § 390, one who supplies a chattel for the use of another whom the supplier knows or has reason to know to be likely, because of youth, inexperience or otherwise, to use it in a manner involving unreasonable risk of physical harm to others is subject to liability for resulting physical harm. Measured against this standard, Lewis's claim fails because she has not offered any evidence to demonstrate that there is factual dispute for trial as to whether Hannaford knew or had reason to

know that Johnson was likely to operate a motorized cart in a manner that posed an unreasonable risk to others. The only evidence in the record is Johnson's testimony that she had never had any prior problems with Hannaford's motorized carts.

Lewis argues more broadly that Hannaford was negligent in that it did not have any procedure in place to investigate whether customers were capable of operating motorized carts. There are several problems with this argument. First, Lewis has not offered any evidence that Hannaford violated any industry standard by not having some kind of driver investigation procedure in place. Second, Lewis has not offered any evidence that Hannaford was on notice, based on prior incidents with other customers, that instituting some kind of driver investigation policy would be necessary or advisable.

In her memorandum of law, Lewis alleges that she asked for such information in discovery but that Hannaford objected. Lewis never adequately pursued this issue. In her memorandum of law she states that she requested a discovery conference on this issue, and that conference "has yet to take place." Plaintiff's Response to Defendant's Motion for Summary Judgment dated March 15, 2007, at p.7.

The court file does reflect that plaintiff's counsel asked for a Rule 26g conference by letter dated February 20, 2007 without specifying the discovery at issue. At that point the case was on a trial list and Hannaford had moved for summary judgment. On March 6, 2007 a conference was held. According to the conference record, however, the conference did not address any request for discovery as to prior incidents but instead addressed a continuance from the trial list to allow Hannaford's recently filed motion for summary judgment and Lewis's anticipated motion to amend to be decided. See Hearing/Conference Record dated March 6, 2007. The court has no recollection that Lewis raised any issue with respect to discovery or as to prior incidents.

4

Under these circumstances the court can only conclude that Lewis has waited too long to raise her contention that summary judgment should be denied or delayed to allow her to pursue discovery with respect to prior incidents. In particular Lewis did not oppose Hannaford's motion with a motion or affidavit seeking discovery under Rule 56(f). See Curtis v. Allstate Insurance Co., 2002 ME 9 ¶ 133 n.7, 787 A.2d 760, 769 n.7. A Rule 56(f) motion must, *inter alia*, be filed within a reasonable time following the making of a motion for summary judgment and must provide adequate notice to the court that the moving party wants the court to delay action on the summary judgment motion. Bay View Bank N.A. v. Highland Golf Mortgages Realty Trust, 2002 ME 178-22, 814 A.2d 449, 454-55. It also must attest that the moving party has personal knowledge of the grounds for the motion. Id.

In this case Lewis has not complied with Rule 56(f). She did not include any affidavit demonstrating personal knowledge of the grounds for the motion. More importantly, she did not provide adequate and timely notice that she was seeking the court to delay action on the summary judgment motion. At this juncture in the case the court is unwilling to withhold a ruling on Hannaford's summary judgment motion in order to allow Lewis to reopen discovery in an attempt to find evidence that might give her a basis to oppose summary judgment. In the absence of some evidence that Hannaford was on notice of the need to investigate an operator's competence, therefore, the court concludes that Hannaford is entitled to summary judgment on Count I.

In addition, Lewis has not offered any evidence that Johnson would have been denied a cart if some kind of driver investigation had been in place. It is obvious that elderly and disabled customers are the most likely to need or want motorized carts. The only facts that can be derived from the statement of material facts relevant to Johnson's ability to operate a motorized cart are that Johnson was 85 as of May 12,

5

2004,[2] that she was legally blind in one eye, and that she had never experienced any prior problems operating a motorized cart. If those facts alone should have been sufficient to disqualify Johnson from receiving a cart, it is difficult to see how anyone old or infirm would qualify.

To proceed to trial on this claim, Lewis would have to offer sufficient evidence to demonstrate that Hannaford was on notice that there were sufficient risks associated with motorized carts that it either ought to have eliminated such carts entirely or established some form of driver investigation.[3]

4.     Count II

Count II of Lewis's complaint alleges that Hannaford's premises were unsafe because Hannaford did not provide enough room for the cart driven by Johnson to safely negotiate the checkout area. To the extent that Lewis is raising an unsafe condition claim, she has failed to raise a disputed issue for trial as to whether Hannaford was ever put on notice of the unsafe condition, either by prior problems of a similar nature, or otherwise. See Restatement, Second, Torts § 343A (landowner liable for dangerous condition on premises only if he knows or by the exercise of reasonable care should know of the condition).

To the extent that Lewis is raising a defective design claim, the court agrees with Hannaford that such a claim would require expert evidence. Lewis has not offered any such evidence. Indeed, the only evidence that Lewis offered on this issue in response to Hannaford's motion for summary judgment is (1) Johnson's statement that the "aisle

---

[2]  She testified at her deposition that she turned 87 on May 4, 2006.
[3]  Lewis has also not offered any evidence that would allow a trier of fact to conclude that a driver investigation procedure would have been feasible or that such a procedure would have been effective in weeding out risky cart operators.

displays" are difficult to get around and (2) a schematic layout of a portion of the Hannaford store which, according to Lewis, shows that the area where the collision occurred was not wide enough to allow the passage of two shopping carts. See Lewis Response to Hannaford SMF Additional Fact ¶ 2, and Exhibit A thereto.

Even assuming the absence of expert testimony were not fatal on this issue, Lewis has not created a disputed issue for trial on Count II. Whether the "aisle displays" are difficult to get around has no bearing on an accident that occurred at the checkout counter. Moreover, assuming that the area was not wide enough for two carts to pass, Lewis has not offered any evidence that would permit a finding that it was negligent not to have a wide enough area at the checkout counter for two carts to pass.

The entry shall be:

Defendant's motion for summary judgment is granted. Plaintiff's motion to amend is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     July     2, 2007

_____
Thomas D. Warren
Justice, Superior Court

COURTS
d County
x 287
e 04112-0287

ROBERT GUILLORY ESQ
11 LISBON STREET
LEWISTON ME 04243

COURTS
d County
x 287
04112-0287

WENDELL LARGE ESQ
PO BOX 9545
PORTLAND ME 04112